**In re Anonymous No. 76 D.B. 92 (No. 2)**

Disciplinary Board Docket no. 76 D.B. 92.

POWELL, *Member,* January 29, 1996—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

On April 12, 1995, petitioner, [      ], filed a petition for reinstatement. [Petitioner] was suspended for three years pursuant to the order of the Supreme Court of December 22, 1994. This order made petitioner's suspension retroactive to August 12, 1992, the date of his temporary suspension under Pa.R.D.E. 214. This matter was referred to Hearing Committee [      ] comprised of Chairperson [      ], Esquire, and Members [      ], Esquire, and [      ], Esquire. The reinstatement hearing was held on June 22, 1995. Petitioner was represented by [      ], Esquire. Office of Disciplinary Counsel was represented by [      ].

On August 28, 1995, the Hearing Committee filed its report and recommended that the petition for reinstatement be granted.

This matter was adjudicated by the Disciplinary Board at the meeting of October 6, 1995.

## II. FINDINGS OF FACT

The board adopts the findings of fact made by the Hearing Committee.

(1) Petitioner, [      ], was born on June 4, 1943. He was admitted to practice law in Pennsylvania on October 5, 1970. He is married with four children and resides at [      ].

(2) On May 31, 1991 petitioner was convicted on all counts of making false statements as to material facts in a matter within the jurisdiction of the United States Department of Justice, conspiracy to possess and possession of cocaine.

(3) Petitioner served the sentence imposed by the federal court and paid all fines due and owing. (Petition for reinstatement.)

(4) Petitioner was suspended from the practice of law for three years by order of the Supreme Court of Pennsylvania on December 22, 1994. This order was retroactive to August 12, 1992.

(5) Petitioner paid all costs and fines imposed in connection with the proceedings before the Disciplinary Board. (Petition for reinstatement.)

(6) Petitioner is currently employed as a paralegal at [A], in [　]. Petitioner has held this job since March 1995. (N.T. 13.)

(7) Petitioner's employment is focused on organization of material in preparation for the [B] Inc., bankruptcy trial. His employment does not involve direct contact with clients nor does it include providing legal advice. (N.T. 19-20.)

(8) If petitioner is reinstated, [A] has offered him a position as an attorney. (N.T. 15.)

(9) Petitioner sought treatment for his substance use during his incarceration. Petitioner periodically attends AA meetings and a group specifically for professionals with substance abuse problems. (N.T. 16-17.)

(10) Petitioner has not used cocaine since his trial and conviction. (N.T. 24.)

(11) Petitioner reviews the [　] *Legal Journal* and the *ABA Journal.* (Petition for reinstatement.)

(12) Petitioner attended a three day comprehensive PBI seminar in March 1995. (Petition for reinstatement.)

(13) Petitioner submitted 16 letters from fellow attorneys and friends attesting to his competency in the law and his good moral standards. (Exhibits P-1 and P-2.)

(14) Petitioner feels a great deal of remorse as a result of his conduct and is profoundly sorry for the

embarrassment he caused his family. (Petition for reinstatement.)

(15) Office of Disciplinary Counsel did not oppose the petition for reinstatement.

## III. CONCLUSIONS OF LAW

Petitioner has demonstrated, with clear and convincing evidence, that he possesses the moral qualifications, competency and learning in the law necessary to practice law in the Commonwealth of Pennsylvania.

Petitioner's resumption of the practice of law will not be detrimental to the integrity of the bar nor subversive of the interests of the public.

## IV. DISCUSSION

The principal objective of the disciplinary system is to determine whether an attorney possesses the requisite fitness to practice law and to protect the public from unfit attorneys. *Office of Disciplinary Counsel v. Keller,* 509 Pa. 573, 506 A.2d 872 (1986). Pursuant to Rule 218(a), Pa.R.D.E., an attorney who is suspended for a period exceeding one year may not resume practice until reinstated by order of the Pennsylvania Supreme Court. In order for petitioner to gain reinstatement to the practice of law in the Commonwealth of Pennsylvania after suspension, he has the burden of demonstrating by clear and convincing evidence that he possesses both the moral qualifications and the competency and learning in the law required for admission to practice in this Commonwealth. In addition, petitioner has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration

of justice, nor subversive of the public interest. Rule 218(c)(3)(i), Pa.R.D.E.

In determining whether petitioner has demonstrated his present fitness to practice law, the board considered the nature of petitioner's misconduct, his present competence and legal abilities, his character, his accomplishments, and the degree of remorse he has expressed. Petitioner's violations of the Disciplinary Rules and the Rules of Professional Conduct were a result of his criminal conviction for cocaine possession, conspiracy and false statements to authorities. Since his suspension, petitioner is fully aware of the mistakes he made and the magnitude of his offenses. Petitioner did not offer excuses for his transgressions and accepted the consequences of his actions. Petitioner has indicated by his words and actions that he does not intend to engage in such conduct again. Petitioner has not used cocaine since his trial and conviction. Petitioner currently attends AA meetings and meetings with other professionals who have problems with drugs or alcohol. Although there is no doubt that the misconduct that led to petitioner's suspension was detrimental to the integrity of the bar, it is apparent that petitioner has learned from his experience and has disengaged himself from the lifestyle that led to his criminal conviction and suspension. Petitioner is anxious to practice law again with [A] and considers himself fortunate to have obtained a position with the firm. The board finds that petitioner's resumption to the practice of law would not be detrimental to the integrity and standing of the bar or the administration of justice, nor will it be subversive of the public interest.

Other than the misconduct that led to his suspension, petitioner has an unblemished disciplinary record. Petitioner has no unsatisfied judgments or client security

fund claims against him. Petitioner paid all fines associated with his criminal and disciplinary proceedings. He provided truthful answers on his reinstatement questionnaire. At no time since his suspension has petitioner practiced law or held himself out to be an attorney.

Petitioner has a very good reputation in the community and is respected among his colleagues. Sixteen witnesses wrote letters attesting to petitioner's present moral qualifications and good reputation. The board finds that petitioner possesses the requisite moral qualifications to be reinstated to the practice of law in Pennsylvania.

During his suspension petitioner completed eight Pennsylvania Bar Institute courses as required by Disciplinary Board Rule §89.279. Petitioner has apprised himself of trends in the law by reviewing the [    ] *Legal Journal* and the *ABA Journal.* As a paralegal for [A], petitioner is responsible for doing legal research and preparing legal documents. This work of necessity would require petitioner to apprise himself of current law. In light of these facts, petitioner has proven by clear and convincing evidence that he has the competency and learning in the law required for reinstatement.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania unanimously recommends that petitioner, [    ], be reinstated to the practice of law. The board further recommends that, pursuant to Rule 218(e), Pa.R.D.E., petitioner be directed to pay the necessary expenses incurred in the investigation and processing of the petition for reinstatement.

Messrs. Paris and George did not participate in the October 6, 1995 adjudication.

## ORDER

And now, February 26, 1996, upon consideration of the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated January 29, 1996, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.

Mr. Justice Castille did not participate in this matter.